FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2011 OCT 24 PM 3: 35

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| JOYCE A. MCGINNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:11CV367 RL |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Joyce A. McGinnis, a resident of St. Joe, Indiana, who claims that her employer, Wal-Mart Stores, Inc. at 10420 Maysville Road, Fort Wayne, Indiana 46835, discriminated against her and retaliated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), as set forth in Charge of Discrimination No. 470-2010-02760, attached hereto and made a part hereof as Exhibit "A".

2. The Defendant is Wal-Mart Stores, Inc. which is an "employer" for the purposes of the ADA. Its resident agent is CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, Indiana 46204. Wal-Mart Stores operates a facility at 10420 Maysville Road, Fort Wayne, Indiana 46835, where the Plaintiff worked from about November 2, 2009 until her constructive discharge on or about December 15, 2009.

3. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on or about July 26, 2011, a copy of which is attached hereto and made a part hereof as Exhibit "B".

4. Plaintiff alleges that she was discriminated against on account of her disability, and that

she was retaliated against and constructively discharged, all in violation of the ADA in that:

a. Plaintiff incorporates herein all of the information and circumstances set forth in her Charge of Discrimination No. 470-2010-02760, attached as Exhibit "A".

b. Plaintiff has two (2) prosthetic knees, and she has significant medical problems with her back, all of which substantially impair her everyday life activities of walking, standing, sitting for long periods of time, lifting, bending, squatting, and other everyday life activities.

c. Plaintiff claims that her substantially impairing conditions make her a qualified individual with a disability (and that she could, either with or without reasonable accommodations, perform the essential functions of her job as a greeter), or caused Defendant to discriminate against her because of her record of impairment, or that Defendant perceived and regarded Plaintiff as being disabled.

d. Plaintiff attempted to engage in the interactive process by requesting that her employer allow her to sit for five (5) minutes or so every hour, but Defendant failed to engage in the interactive process and denied Plaintiff's request for a reasonable accommodation and told her that only people with approved disabilities were permitted to sit, and when Plaintiff requested the paperwork to get her disabilities "approved" and filled out by a physician, Defendant refused to provide her the paperwork, and the Store Manager told Plaintiff that she would be released (terminated) if she applied for ADA accommodations.

e. Defendant instructed Plaintiff to wait six (6) weeks and then ask for the ADA papers again.

2

    f. Because Plaintiff's schedule included working hours of up to seven (7) or eight (8) per day, Plaintiff could not continually stand without extreme pain, and she was forced to go home after her shifts ended with severe back aches, swollen knees, swollen ankles, and in much physical distress and mental anguish. Her job became so hellish, because she could no longer put up with the severe physical pain and mental anguish, that she had to resign on or about December 13, 2009, after which she was formally terminated by Wal-Mart on or about December 16, 2009.

5. Plaintiff alleges that she was discriminated against and retaliated against because of her disability and her request for reasonable accommodations and her engagement in the interactive process, and that she was constructively discharged as a result of the actions of the Defendant, which were intentional, reckless, and in deliberate indifference to Plaintiff's federally protected civil rights under the ADA.

6. As a direct and proximate result of Defendant's discrimination and retaliation against the Plaintiff, and because of Defendant's constructive discharge of the Plaintiff, Plaintiff lost her job and job related benefits including income. Plaintiff suffered extreme physical pain, mental anguish, emotional distress, humiliation, embarrassment, inconvenience, and other damages and injuries. Plaintiff seeks compensatory damages and punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, back-pay, front-pay, and any and all other legal and equitable relief available under the ADA.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02

_____
Ilene M. Smith, #22818-02  by ccm
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:         cmyers@myers-law.com
                   ismith@myers-law.com
Attorneys for Plaintiff

CCM /mms
S:\McGinnis, Joyce\Pleadings\Complaint 10-21-11.docx

4

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2010-02760 |

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | and EEOC |
|---|---|
| State or local Agency, if any | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Joyce A. McGinnis | (260) 337-5711 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | |
|---|---|---|
| 406 Washington | St. Joe, Indiana 46785 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Wal-Mart Stores, Inc. | 100+ | (260) 492-5845 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 10420 Maysville Road | Fort Wayne, Indiana 46835 | Allen |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: Dec 2009   LATEST: Dec 15, 2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant was a qualified employee with serious medical conditions. The Complainant's serious medical conditions constituted a disability/perceived disability/record of impairment, because of which the Respondent discriminated against and retaliated against her, failed to grant her reasonable accommodations, and failed to engage in the interactive process with her, in violated of the Complainant's rights under the Americans with Disabilities Act, 42 U.S.C. § 1211 et seq., ("ADA").

II. The Respondent is Wal-Mart Stores, Inc., a company doing business at 10420 Maysville Road, Fort Wayne, Indiana 46835. The Respondent is an "employer" for the purposes of the ADA, and employed the Complainant at all material times to this Charge of Discrimination.

III. The Complainant was hired by the Respondent on or about November 2, 2009, and worked as a door greeter until her constructive discharge on or about December 15, 2009. Because of her serious medical conditions, although she could work a full 8 hour shift as a greeter, she needed to briefly sit every hour or so to relieve the stress on her knees. During her employment, she asked for the reasonable accommodation of being able to sit for about five (5) minutes every hour. The Respondent's representatives told her that only people with approved disabilities were permitted to sit.

"continued"

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Susan C. Neff<br>Resident of Adams County    My Commission Expires: 4/7/2016 |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT<br>Joyce A M. Ginnis |
| Date: 6-28-2010    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Date, month, and year) 28th of June, 2010 |

"A"

Charge of Discrimination

Re:     Joyce A. McGinnis

Page 2

IV.     The Complainant asked the Respondent to provide her with ADA papers so that she could have her doctor fill them out for her requested reasonable accommodation. The Respondent's Human Resource Representative Darlene refused to provide Complainant this paperwork, and told her that since she had signed a paper at or around the time of hire stating that she "could do the job with or without accommodations", the Store Manager would release the Complainant if she applied for ADA accommodations.

V.      The Human Resource Representative also instructed the Complainant to wait six weeks and then ask for the ADA papers again.

VI.     Many of the Complainant's scheduled hours involved seven and eight hour days, and although she enjoyed her work, and did not mind the hours, Complainant was unable to continually stand for seven and eight hours straight without extreme pain. As a result of Respondent denying her requested reasonable accommodations, the Complainant found herself going home after her shifts ended with severe back aches, swollen knees, and swollen ankles.

VII.    Ultimately, because of the severe physical pain of performing her shifts without being permitted to occasionally sit for brief periods, the Complainant's job became so hellish that she had to quit. On or about December 12, 2009, the Complainant called the Respondent and notified them that she was quitting, effective December 13, 2009. On or about December 16, 2009, the Respondent's Customer Service Manager called the Complainant at home to inquire as to why she wasn't at work, at which time the Complainant explained that she had already quit on December 13, 2009. The Complainant was then formally terminated by the Respondent as of December 16, 2009.

VII.    The Complainant alleges that she was discriminated against and retaliated against, and either constructively discharged, or wrongfully terminated on the basis of her disability and requests for reasonable accommodations for the disability/perceived disability/record of impairment, in violation of her federally protected rights under the ADA.

VIII.   Complainant also alleges that similarly-situated employees without disabilities/perceived disabilities/records of impairment were granted the reasonable accommodation of occasionally sitting during their shifts, and were not penalized, constructively discharged or fired. Had the Complainant been granted her request for reasonable accommodations of being able to sit during just a portion of her shift, she would have been able to continue to perform her job and would have continued to perform it within the reasonable expectations of the Respondent. Instead, the Respondent refused to engage with her in the interactive process, and went so far as to refuse to permit her to obtain the necessary paperwork with which to formally request the reasonable accommodations pursuant to her rights under the ADA.

IX.     The Respondent's wrongful and discriminatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and subjected the Complainant to extreme physical pain, inconvenience, emotional distress, and other damages and injuries. Also, the Respondent's conduct was intentional, knowing, willful, wanton and in reckless disregard of the Complainant's federally protected rights under the ADA.

*[signature]*
Initials

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Joyce A. McGinnis<br>406 Washington Street<br>St. Joe, IN 46785 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-02760 | Alvin E. Hines,<br>Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

/s/ _____  JUL 26 2011

Webster N. Smith,
District Director                                    *(Date Mailed)*

Enclosures(s)

cc: WAL-MART STORES EAST, L.P.
c/o David J. Pryzbylski
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535

Christopher C. Myers
Myers & Associates
809 S. Calhoun Street, Suite 400
Fort Wayne, IN 46802

"B"

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*