IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOYCE A. MCGINNIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-CV-367 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Motion to Dismiss filed by Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") on February 23, 2012 (DE #16); and (2) Plaintiff's Motion to Alter Order/Judgment filed by Joyce A. McGinnis on March 8, 2012 (DE 18). For the reasons set forth below, both motions are **DENIED.**


BACKGROUND

On October 24, 2011, the Plaintiff, Joyce McGinnis ("McGinnis"), presented her complaint against Wal-Mart to the Clerk's Office and the complaint was stamped "filed." The complaint alleged both discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"). McGinnis attached her Dismissal and Notice of Rights (commonly referred to as a "right to sue" letter) to the complaint. The right to sue letter indicates it was mailed on July

26, 2011.

McGinnis also filed an Application to Proceed in District Court Without Prepaying Fees or Costs on October 24, 2011.  On November 9, 2011, this Court denied the motion and granted McGinnis until December 12, 2011, to pay the $350 filing fee.  The deadline passed without the filing fee being paid, and on December 22, 2012, this Court dismissed the case without prejudice for failure to prosecute.  On December 28, 2011, McGinnis' attorney filed a motion for reconsideration and reinstatement, essentially taking the blame for his client's failure to pay the fee.  McGinnis' attorney stated that his client did not learn of the denial of her *in forma pauperis* application or the dismissal of her case until December 22, 2011, and that upon receiving notice the Plaintiff promptly arranged to pay the fee.  On January 11, 2012, this Court, in the interest of justice and because it prefers to litigate cases on the merits, granted the motion to reinstate the case and granted McGinnis until January 31, 2012, to pay the filing fee.  The fee was paid the very next day.  Thereafter, Wal-Mart was served and the instant motion to dismiss was filed.  Wal-Mart claims that the case must be dismissed due to McGinnis' failure to pay the filing fee within 90 days of receiving her right-to-sue notice.  In response to the motion to dismiss, McGinnis filed a motion to alter this Court's order to deem the complaint filed the date it was initially presented to the Court.  Defendant has filed a reply, and the motions are fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 8(a) provides, in part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court must "take the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor from those allegations." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010) (citing *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010)). Dismissal under Rule 12(b)(6) is required if the complaint fails to describe a claim that is plausible on its face. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under the ADA, suit must be filed within ninety days of receipt of the right of sue letter. 42 U.S.C. § 2000e-5(f)(1); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *Newson v. American National Can Company*, No. 00 CV 7750, 2001 WL 1555200, *3 (N.D. Ill. 2001). The time period, however, is not jurisdictional; it is subject to waiver, estoppel, and equitable

tolling in appropriate circumstances. *Newson*, 2001 WL 1555200 at
*3 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385
(1982)).   According to Defendant, this case must be dismissed
because the complaint cannot be deemed "filed" until the fee is
paid or *in forma pauperis* status is granted, and neither of those
occurred within the 90-day statute of limitation, or even within
the additional time period this court explicitly allowed Plaintiff
to pay the filing fee following the denial of *in forma pauperis*
status.

Federal Rule of Civil Procedure 3 provides that "[a] civil
action is commenced by filing a complaint with the court."
Fed.R.Civ.P. 3.   Furthermore, 28 U.S.C. section 1914 provides, in
relevant part, that "[t]he clerk of each district court shall
require the parties instituting any civil action ... to pay a
filing fee" and that "[e]ach district court by rule or standing
order may require advance payment of fees."   28 U.S.C. § 1914.
This Court must address whether, in the Northern District of
Indiana, Plaintiff's complaint can be deemed "filed" prior to
payment of the fee or the granting of *in forma pauperis* status.
If, as Defendant argues, the complaint was not "filed" until the
fee was paid on January 12, 2012, then the complaint was untimely.

Defendant relies on several cases to support its position,
including *Humphries v. Chocs West, Inc.,* 343 F.Supp.2d 670 (N.D.
Ill. 2004).   In *Humphries,* the United States District Court for the
Northern District of Illinois determined that, in the Northern

-4-

District of Illinois a case is not filed until the fee is paid. 343 F.Supp.2d 670 (N.D. Ill. 2004). In reaching this conclusion, the Court noted that Federal Rule of Civil Procedure 3 provides that a civil action is commenced by filing a complaint with the court, but that the court's local rules provided that a complaint is filed when the complaint and the appropriate filing fee is submitted to the clerk. The Court noted that, where a plaintiff requests to proceed *in forma pauperis*, the statute of limitations is tolled during the processing of the petition, but resumes running upon notification of the denial. In *Humphries*, the plaintiff's *in forma pauperis* petition was denied, and only three days remained to file the complaint following notification of the denial. The Court stated that "[w]here the court grants a complainant an extension of time to pay the filing fee, a complaint can be held as timely even though the filing fee was paid beyond the 90-day statutory period." *Id.* at 673 (citing *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989). The Court in *Humphries* did not grant an extension of time in which to pay the filing fee or submit an amended *in forma pauperis* petition, and the fee was not paid within the remaining three day period. The complaint in *Humphries* was deemed filed, under the Northern District of Illinois local rules, 195 days after the expiration of the 90-day statute of limitation period, when the fee was ultimately paid. Accordingly, the Court dismissed the complaint as untimely. *Id.* at 675.

In *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989), a case relied upon by the district court in *Humphries*, the Seventh Circuit addressed a case factually similar to the instant case. The court in *Robinson* reviewed the dismissal of a Title VII complaint for failure to execute service of process in accordance with Federal Rule of Civil Procedure 4. The issue the *Robinson* Court faced was when a complaint is deemed filed under Rule 4, not when a complaint is deemed filed under Rule 3. In doing so, the Court noted that 28 U.S.C. § 1914(c) provides that "'[e]ach district court ... may require advance payment of fees' before an action is deemed 'filed.'" *Id.* at 597. *Robinson*, like *Humphries*, was a case filed in the Northern District of Illinois, which had a local rule which specifically provided that a complaint accompanied by an *in forma pauperis* petition should be stamped "received", and if the petition is granted, shall be stamped "filed" as of the date of the order granting the petition. *Robinson* held that under Rule 4, at least in the Northern District of Illinois, the complaint is not filed until the fee is paid for purposes of calculating when to begin the 120 days allowed for service. The complaint in *Robinson* was stamped "received" rather than "filed" upon presentation to the clerk's office.

Defendant also relies upon *Williams-Guice v. Board of Education of the City of Chicago*, 45 F.3d 161 (7th Cir. 1995), a case that, like *Robinson*, involved a complaint that was stamped "received" rather than "filed" upon presentation to the clerk's

-6-

office.  The *Williams-Guice* Court considered an appeal of an order dismissing the plaintiff's suit for failure to make timely service of process, and thus addressed the same issue raised in *Robinson.* In addressing this issue, the Court also discussed the related question of when a complaint is deemed filed under Rule 3.  Like in *Robinson*, the Seventh Circuit relied on the language in 28 U.S.C. section 1915(a), and noted that "[t]o say that the judge may 'authorize the commencement' of a suit is to imply that depositing a copy of the complaint with the clerk does *not* commence the litigation and therefore does not satisfy the statute of limitations.  Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence this action."  *Id.* at 162.  The Court noted, however, that this would make judicial delay fatal to some actions.  *Id.*  Then, the Court asked "[w]hat happens if the district judge denied the application to proceed IFP and the plaintiff does not pay promptly?"  The Court's answer was as follows:

> If both *Gilardi*[1] *[v. Shroeder*, 833 F.2d 1226 (7th Cir. 1987)]* and *Robinson* are read as favorably to the plaintiff as their language would permit, then by applying for IFP status

---

[1]The Seventh Circuit in *Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir. 1987), upheld a district court judge's determination that a complaint which was improperly rejected by the clerk's office under the Northern District of Illinois' local rules should be deemed filed the date it was originally presented to the clerk's office.  The Court also noted that "[i]f the plaintiff has filed a complaint in compliance with the statute and the Federal Rules of Civil Procedure, it should be deemed 'filed' for statute of limitations purposes."  *Id.* at 1233.

-7-

> a litigant may obtain an indefinite extension
> of time to serve the defendant.  Lodging the
> complaint satisfies the statute of
> limitations, and by failing to pay the docket
> fee the plaintiff prevents the 120-day period
> from starting, because the clerk will not
> stamp "filed" on the complaint until the fee
> has been paid.

*Id.*  Not satisfied with this outcome, the Court determined that the complaint is not "filed" upon presentation, and the period of limitations is suspended while the *in forma pauperis* petition is pending.  *Id.* at 165.  The Court did not address whether the stamping of the complaint with "filed" upon its initial presentation to the clerk's office would alter its analysis.

Another case relied upon by Defendant is *Dow v. Enterprise Leasing*, No. 00 C 4126, 2000 WL 1774081 (N.D. Ill. Dec. 1, 2000); *see also* 2000 WL 1644308 (N.D. Ill. Oct. 26, 2000) and 2000 WL 968829 (N.D. Ill. July 13, 2000)(memorandum opinions discussing same, both of which are attached to the Court's Dec. 1, 2000 order).  *Dow*, however, addressed a slightly different question than that before this Court; namely, when a complaint is submitted without either an *in forma pauperis* petition of a filing fee, can it be considered "filed?"  The Northern District of Illinois, relying on 28 U.S.C. section 1914(a), determined that the complaint cannot be considered filed.  In reaching this conclusion, the court referenced a decision from the Northern District of Indiana, *Johnson v. Brown*, 803 F.Supp. 1414 (N.D. Ind. 1992), that reached a seemingly contrary result.  *Johnson* was distinguished by noting

-8-

that it addressed the issue of when a complaint is deemed filed in the "context of a *timely* submitted complaint and in forma pauperis application that was later denied, followed by plaintiff's payment of the filing fee after the 90-day clock had run out." *Dow*, 2000 WL 1774081 at *3. Thus, *Dow* does not address the precise question before this Court, and suggests that at least one court in the Northern District of Indiana may reject the very argument Defendant now makes.

*Johnson* distinguishes *Robinson,* noting that it addressed when a complaint is deemed filed under Rule 4. *Johnson*, 803 F.Supp. at 1418-19. Relying on *Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir. 1987) and *Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 757 (7th Cir. 1988), the Court in *Johnson* stated unambiguously that a complaint is deemed filed under Rule 3 for statute of limitations purposes when the complaint is in the custody of the court's clerk, notwithstanding total compliance with local rules. The Court further noted that the plaintiff's complaint was filed ... "when the clerk stamped his complaint 'FILED'." It is worth noting that, when originally presented to the clerk's office, the complaint in *Johnson* was stamped "received." Strangely, the court stamped the complaint "filed" on the same day the complaint was dismissed without prejudice following the denial of an *in forma pauperis* petition, but when he presented the fee some time later, he was not required to file a new complaint, and his complaint was not stamped as "filed" or "refiled" on the date of payment; rather, the day the

clerk stamped the complaint "filed" was the day it was deemed filed for purposes of the statute of limitations. *Id.* Because the complaint was stamped within the ninety-day statutory period, the defendants' motion to dismiss was denied.

Neither *Johnson* nor other cases arising in the Northern District of Indiana with like holdings were discussed by Defendant. *See Echemendia*, No. 1:05-CV-53-TS, 2005 WL 2406047 (N.D. Ind. 2005)(noting that a complaint is deemed 'filed' within the meaning of Rule 3 when it is placed in the custody of the district court clerk); *Washington v. Foresman*, 148 F.R.D. 241 (N.D. Ind. 1993)(same); *McCrum v. Elkhart County Department of Public Welfare*, 806 F.Supp. 203 (N.D. Ind. 1992)(same). In this case, when the complaint was presented to the Clerk's Office, it was stamped "filed." Unlike the Northern District of Illinois, this Court does not have a local rule that directs that complaints be stamped received until such time as *in forma paperis* status is granted or the filing fee is paid. Accordingly, the cases Defendant relies upon are readily distinguishable. It is possible that an argument could be made that the Seventh Circuit's later rulings effectively overruled these cases arising in the Northern District of Indiana. But, given the differences in the local rules and procedures between the Northern District of Indiana and the Northern District of Illinois, it is less than apparent that the Seventh Circuit's holdings in *Robinson* and *Williams-Guice* are applicable under the facts of this case. Defendant has not persuaded this Court that

the cases it cites provide a basis for finding that the complaint was not "filed" when it indeed was stamped "filed" upon presentation to the Clerk's Office.

Defendant also argues that its motion should be granted because Plaintiff failed to respond to its legal arguments. While Plaintiff's Motion to Alter Order/Judgment did fail to address the legal arguments raised by Defendant, that failure does not justify dismissal here. In order for dismissal to be appropriate, the Defendant must tender *plausible* reasons for dismissal, and in this case, Defendant's cases are so readily distinguishable from the facts before this Court that the Court cannot describe Defendant's reasons for dismissal as plausible. Defendant's choice to wholly ignore seemingly pertinent cases arising from the Northern District of Indiana contributes to this Court's conclusion.

As for the Plaintiff's Motion to Alter Order/Judgment, the Court finds the requested relief unnecessary. The only filing date associated with the complaint in this case is October 24, 2011. The Defendant has argued that the complaint should be deemed filed upon receipt of the filing fee, on January 12, 2012, and that argument has been rejected. Defendant has provided no basis for determining that the complaint was filed any day other than October 24, 2011.

CONCLUSION

For the reasons set forth above, McGinnis' motion to alter this Court's prior order is **DENIED** and Wal-Mart's motion to dismiss is **DENIED**.

DATED: June 1, 2012                    /s/RUDY LOZANO, Judge
                                       **United States District Court**