```
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
        FORT WAYNE DIVISION

JOYCE A. MCGINNIS,          )
                            )
Plaintiff,                  )
                            )
    vs.                     )    No. 1:11-CV-367
                            )
WAL-MART STORES, INC.,      )
                            )
Defendant.                  )
```

## OPINION & ORDER

This matter is before the Court on Defendant's Motion for Certification of Interlocutory Appeal of this Court's June 1, 2012, Order, filed by Defendant, Wal-Mart Stores, Inc., on June 19, 2012. For the reasons set forth below, Wal-Mart's petition for an interlocutory appeal is **DENIED**.

BACKGROUND

On October 24, 2011, the Plaintiff, Joyce McGinnis ("McGinnis"), presented her complaint against Wal-Mart to the Clerk's Office and the complaint was stamped "filed." The complaint alleges discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"). McGinnis attached a Dismissal and Notice of Rights to the complaint, which indicates it was mailed on July 26, 2011.

In conjunction with filing her complaint, McGinnis also filed an Application to Proceed in District Court Without Prepaying Fees

or Costs. On November 9, 2011, this Court denied the motion and granted McGinnis until December 12, 2011, to pay the $350 filing fee. The deadline passed, the fee was not paid, and the case was subsequently dismissed. Thereafter, McGinnis' attorney filed a motion for reconsideration and reinstatement, essentially taking the blame for his client's failure to pay the fee. This Court granted the motion to reinstate the case and granted McGinnis until January 31, 2012, to pay the filing fee. The fee was paid, Wal-Mart was served, and Wal-Mart filed a motion to dismiss which claimed that the complaint was not timely filed. More specifically, Wal-Mart claimed that the complaint was untimely because it is not "filed" until the filing fee is paid. McGinnins did not respond to the motion to dismiss on the merits but instead filed a motion to alter this Court's prior Order reinstating the case to deem the complaint filed the date it was initially presented to the Court.

This Court considered Wal-Mart's argument and found that the cases Wal-Mart relied upon did not support its position because those cases were decided in reliance on a Northern District of Illinois local rule and the Northern District of Indiana does not have a similar local rule. Wal-Mart now seeks to pursue an interlocutory appeal of this Court's June 1, 2012, Order. Plaintiff has again failed to respond to the instant motion, and it is therefore ripe for adjudication.

DISCUSSION

Interlocutory appeals are governed by Title 28 U.S.C. section 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: (1) an appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Bolm v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007(7th Cir. 2002).

Certificates of appealability under this section are generally disfavored because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-

74 (1978). Generally, then, "the preferred practice is to defer appellate review until the entry of final judgment. . .." *Herdrich*, 154 F.3d at 368.

Wal-Mart seeks permission to take an interlocutory appeal on the following question: "whether a plaintiff who files an application to proceed *in forma pauperis* ("IFP") in conjunction with the filing of a complaint under the Americans with Disabilities Act of 1990, 42 U.S.C. §12111 *et seq.* ("ADA") and has that IFP application denied can extend his or her statutorily provided 90-day window under 42 U.S.C. § 2000e-5(f)(1) to file the complaint by paying the filing fee beyond a reasonable period of time already provided by a court after his or her 90 days has expired *and* after the complaint already has been dismissed for failure to pay the fee." (DE 23 at 1). To begin with, this phrasing of the question assumes that the key issue in this Court's June 1, 2012, Order is resolved in Wal-Mart's favor; namely, it assumes that a complaint is not filed until the filing fee is paid. Putting that issue aside, Wal-Mart argues that this Court's June 1, 2012, Order meets each of the requirements for certification of an interlocutory appeal.

This Court agrees that its July 1, 2012, Order involves a question of law, that the question is controlling, and that, if the desired interlocutory appeal were decided in Wal-Mart's favor, this case would be terminated. This Court disagrees, however, with Wal-

Mart's contention that there is substantial grounds for difference of opinion as to the question of law.

In this case, the initial motion to dismiss filed by Wal-Mart was rather cursory, and it relied upon a quote from *Humphries v. CBOCS West, Inc.*, 343 F.Supp.2d 670 (N.D. Ill. 2004), which in turn quoted *Williams-Guice v. Board of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995). The quote is as follows: "in cases where the judge rejects an IFP petition, the complaint is not deemed 'filed' until the date the filing fees are paid."[1] *Humphries*, at 672-73. The quote was made in the context of a case arising in the Northern District of Illinois and was based on a local rule for which this district has no corollary. Wal-Mart did not mention that the cases it relied upon turned on the interpretation of a local rule and local policies that are absent in the Northern District of Indiana, and Wal-Mart did not make a good faith argument that the logic of the cited cases was equally applicable in the Northern District of Indiana. Plaintiff's counsel failed to respond to the substance of Wal-Mart's legal arguments, and the merits of Wal-Mart's motion were therefore not further developed by the parties. Based on the motion before it, this Court determined that Wal-Mart failed to meet its burden of demonstrating that dismissal was appropriate.

---

[1] Although this quote is provided for context, this Order assumes familiarity with this Court's Order dated June 1, 2012, and the cases discussed therein, including *Humphries* and *Williams-Guice*.

This Court's June 1, 2012, Order provides in part that:

> It is possible that an argument could be made that the Seventh Circuit's later rulings effectively overruled these cases arising in the Northern District of Indiana. But, given the difference in the local rules and procedures between the Northern District of Indiana and the Northern District of Illinois, it is less than apparent that the Seventh Circuit's holdings in *Robinson* and *Williams-Guice* are applicable under the facts of this case. Defendant has not persuaded this Court that the cases it cites provide a basis for finding that the complaint was not "filed" when it indeed was stamped "filed" upon presentation to the Clerk's Office.

(DE 20 at 10-11).

Wal-Mart believes this Court erred, and again argues that *Humphries* and *Williams-Guice,* as well as other cases, dictate dismissal of this action. Wal-Mart has done a slightly better job of annunciating its argument in its motion for interlocutory appeal: Wal-Mart has now asserted that *Humphries* and *Williams-Guice* control in the Northern District of Indiana despite the significant differences between the rules and polices of the Northern District of Illinois and the Northern District of Indiana. This argument, however, remains undeveloped; Wal-Mart has offered no explanation either in its initial motion or in the instant motion seeking an interlocutory appeal as to why the significant differences between local rules and procedures do not dictate a different outcome.

After re-evaluating the pertinent cases and its previous Order, as well as the instant motion, this Court finds that Wal-

Mart has not demonstrated that there are substantial grounds for differences of opinion as to any relevant question of law. The cases cited by Wal-Mart arise from a different district with different local rules and procedures. Nothing in these cases suggest that they are applicable in a district with wholly different rules and procedures, and Wal-Mart has annunciated no reasoning to support its claim to the contrary.[2]

Wal-Mart has failed to meet its burden of showing that exceptional circumstances justify departure from this Circuit's general policy of postponing appellate review until after the entry of final judgment. See *Ahrenholz*, 219 F.3d at 676 ("Unless all the[] criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)."). Accordingly, this Court exercises its discretion to deny the request for interlocutory appeal. *See Swint v. Chambers County Com'n*, 514 U.S. 35, 47 (1995)("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."); *Kuzinski v. Schering Corp.*, 614 F.Supp.2d 247, 249 (D.Conn. 2009)("Even where [the criteria for an interlocutory appeal] are met, the Court retains discretion to deny permission

---

[2]Furthermore, even if the argument Wal-Mart now makes but fails to develop has merit, the ultimate result of the original motion to dismiss was correct: Wal-Mart's reliance on clearly distinguishable cases and failure to make any attempt to demonstrate why those cases should control in the instant case is insufficient to sustain its burden of demonstrating that dismissal was appropriate.

for interlocutory appeal."). Depending on the outcome of the case, Wal-Mart may yet have an opportunity to address this issue with the Seventh Circuit, but it will not be permitted to do so at this time.

CONCLUSION

For the reasons set forth above, Wal-Mart's motion for an interlocutory appeal is **DENIED**.

**DATED: July 17, 2012**                 /s/RUDY LOZANO, Judge
**United States District Court**